**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jonathan Richard Lee,

Petitioner,

v.

State of Minnesota,

Respondent.

Case No. 26-cv-3141 (KMM/DJF)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Jonathan Richard Lee's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) ("Petition"), filed June 29, 2026.[1] Mr. Lee, proceeding here *pro se*, is presently confined at the Stearns County Jail in St. Cloud, Minnesota. (*See id.* at 1.[2]) For the reasons stated below, the Court recommends denying the Petition and dismissing this action.

## BACKGROUND

### I. State District Court Case History

The Petition arises from two arrests in July 2025. Law enforcement arrested Mr. Lee on July 13, 2025, and the State charged him the next day with violating a harassment restraining order in *State v. Lee*, No. 73-CR-25-5975 ("*Lee I*") (Minn. Dist. Ct.). *See Lee I* (Minn. Dist. Ct. Nov. 6,

---

[1] Though Mr. Lee has stated in other cases that he plans to change his name to "Jonny Mik Thompson," *see, e.g.*, *Lee v. Minnesota*, No. 26-cv-1785 (JMB/JFD) (D. Minn. Aug. 14, 2026) (ECF No. 10 at 1), the Court uses the name under which the Petition was filed and docketed.

[2] Citations to the Petition are to the page numbers assigned by the District's CM/ECF electronic-filing system. Unless otherwise noted, quotations reproduce spelling and punctuation as stated in the original.

2025) (Am. Compl. at 2).[3] The misdemeanor charge arose from messages Mr. Lee sent in a coparenting application. *See, e.g.*, *id.* (Am. Compl. at 1–2). The court released Mr. Lee subject to various conditions. *Lee I* (Minn. Dist. Ct. Jul. 15, 2025) (Release Order).

Authorities arrested Mr. Lee again on the night of July 22, 2025, and the State charged him the next day with violating a restraining order and obstructing legal process. *State v. Lee*, No. 73-CR-25-6288 ("*Lee II*") (Minn. Dist. Ct. Jul. 23, 2025) (Citation at 1). The state court has been handling these (and several other) related files together. *See, e.g.*, *Lee II* (Minn. Dist. Ct. Apr. 29, 2026) (Order ("April 2026 Order") at 1) (listing related case numbers in caption).

No trial has yet taken place in *Lee I* or *Lee II*. In January 2026, the state court ordered a competency examination and suspended Mr. Lee's criminal proceedings. *See, e.g.*, Apr. 2026 Order at 2 (summarizing case history). On May 26, 2026, the court found Mr. Lee "incompetent to proceed due to mental illnesses or cognitive impairment" and ordered a pre-petition screening for civil commitment. *See Lee I* and *Lee II* (Minn. Dist. Ct. May 26, 2026) (Finding of Incompetency and Order at 1–2). The competency finding did not result in dismissal of the charges against Mr. Lee, however, and the State filed a notice of intent to prosecute on May 27, 2026. *See Lee I* and *Lee II* (Minn. Dist. Ct. May 27, 2026) (Notice of Intent to Prosecute).

The state court has since held bail and review hearings. *See generally Lee I* (Register of Action). However, on September 15, 2026, the court ordered another competency examination and directed that "the criminal proceedings in this matter shall remain suspended." *See Lee I* and

[3] The Court takes judicial notice of the records filed in Mr. Lee's underlying state court cases. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999) (stating that courts may take judicial notice of public court records).

*Lee II* (Minn. Dist. Ct. Sept. 15, 2026) (Order for Competency Examination and Appointment of Forensic Navigator ("September 2026 Order") at 2.)

Mr. Lee appears to have been detained at the Stearns County Jail since April 6, 2026, when he was arrested and booked on a charge in another case, *State v. Lee*, No. 73-CR-26-2771 (Minn. Dist. Ct.), which the Petition does not mention. *See* Stearns Cnty. Sheriff's Office, Jail Roster, entry for Jonathan Richard Lee, *available at* https://jailroster.stearnscountymn.gov/Current; *see also State v. Lee*, No. 73-CR-26-2771 (Minn. Dist. Ct.) (Register of Action). That case charges Mr. Lee with seventeen counts, including felony stalking, felony forgery, and multiple harassment and restraining-order offenses. *See State v. Lee*, No. 73-CR-26-2771 (Minn. Dist. Ct.) (Register of Action). Mr. Lee's bail in that case is $800,000 without conditions and $400,000 with conditions. *See id.*

## II. Mr. Lee's Habeas Challenges and Appeals

Though Mr. Lee has numerous ongoing criminal cases in Minnesota state court, the Petition specifically states that he challenges the July 22, 2025 arrest leading to his detention in *Lee II*, which he describes as "[t]he decision made by Officer Emma Brown … to make an arrest without probable cause at the time of 11:50pm at night." (ECF No. 1 at 2.) The Petition raises three grounds. Ground One cites the Minnesota Constitution's double-jeopardy provision, *see* Minn. Const. art. I, § 7, and alleges that "zero contact or messages were sent" after Mr. Lee's July 13 arrest. (*Id.* at 6.) Ground Two invokes Minn. Stat. § 629.31, which bars arrests for misdemeanors between 10:00 p.m. and 8:00 a.m. (*See id.*) Ground Three, captioned "Due Process Violation," states in full: "No probable cause for the arrest." (*Id.*)

Mr. Lee has also sought relief in numerous other ways. He filed a habeas petition in *Lee I* in January 2026 and asserts that this petition has not been decided. (*See* ECF No. 1 at 2, 5.)[4] And in March 2026, Mr. Lee filed a prior federal habeas petition in this District, invoking 28 U.S.C. § 2254. *See Lee v. Minnesota*, No. 26-cv-1785 (JMB/JFD) (D. Minn. Mar. 6, 2026). The court dismissed that petition as unexhausted. *See Lee v. Minnesota*, No. 26-cv-1785 (JMB/JFD), 2026 WL 898223, at *2 (D. Minn. Mar. 16, 2026), *report and recommendation adopted*, 2026 WL 896834 (D. Minn. Apr. 1, 2026). Mr. Lee has also filed four appeals in the Minnesota appellate courts. Two of those are civil and appear to be closed. *See generally Stommes v. Lee*, No. A26-0272 (Minn. Ct. App.); *Holt v. Lee*, No. A26-0369 (Minn. Ct. App.). The other two arise from Case No. 73-CR-26-2771. He filed both on August 12, 2026, purporting to challenge both the trial court's May 2026 incompetency order and its July 2026 release order. *See, e.g.*, *Lee v. Thompson*, No. A26-1484 (Minn. Ct. App.) (Notice of Appeal at 1) (challenging both orders); *Lee v. Thompson*, No. A26-1486 (Minn. Ct. App.) (Notice of Appeal at 1) (same). Neither the Minnesota Court of Appeals nor the Minnesota Supreme Court has yet resolved either appeal. *See Lee v. Minnesota*, No. A26-1486 (Minn. Ct. App.) (Docket); *Lee v. Minnesota*, No. A26-1486 (Minn. Ct. App.) (Docket).

The Petition in this case asks the Court to "dismiss all charges in case file 73-CR-25-5975" and to "[r]elease [him] from [his] detention." (ECF No. 1 at 7.) He also asks for a "§ 42 1983

[4] Mr. Lee also reports having filed a petition for a writ of mandamus in January 2026, but there is no record in *Lee I* of a mandamus petition being filed, *see Lee I* (Register of Action), and Mr. Lee did not provide a different court file number for it (*see* ECF No. 1 at 5, citing *Lee I*). The court filings in *Lee I* reflect that he did file a petition for a writ of habeas corpus on January 10, 2026, and it does not appear that the trial court overseeing the case has ruled on that petition. *See Lee I* (Register of Action).

lawsuit—Emma Brown # 7924," complains that he is being held in segregation and denied paper, and states that he "ha[s] a month left before the Habeas Corpus expires." (*Id.*)

**DISCUSSION**

Because no judgment has been entered against Mr. Lee, his challenge to his pretrial detention arises under 28 U.S.C. § 2241(c)(3). *See, e.g.*, *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (citing cases); *Terry v. Ryals*, No. 25-cv-1152 (BSM/ERE), 2026 WL 546489, at *2 (E.D. Ark. Feb. 10, 2026) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, which the Court may apply to Section 2241 petitions, *see* Rule 1(b), requires dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In evaluating whether to dismiss a pro se habeas petition pursuant to Rule 4, the Court construes the petition liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Having considered Mr. Lee's Petition under this liberal standard, the Court nevertheless recommends dismissal.

Because Mr. Lee's requested relief would interrupt an ongoing state prosecution, the Court must consider the *Younger* abstention doctrine.[5] Under *Younger*, federal courts must refrain from interfering in certain ongoing state proceedings. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing cases). The Eighth Circuit uses "a three-part inquiry" to determine whether *Younger* abstention applies:

[5] *Cf. Younger v. Harris*, 401 U.S. 37 (1971). A district court may consider *Younger* abstention issues *sua sponte*. *See, e.g.*, *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 676 (8th Cir. 2013).

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors?[6] And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (quoting *375 Slane Chapel Rd., LLC v. Stone Cnty.*, 53 F.4th 1122, 1127 (8th Cir. 2022)); *see also, e.g.*, *McDonald v. Minn. Bd. of Chiropractic Examiners*, No. 25-cv-3314 (JRT/SGE), 2026 WL 1694533, at *4 (D. Minn. June 11, 2026) (quoting *Wassef*, 68 F.4th at 1087).

Under this inquiry, the Court should abstain from exercising jurisdiction here. The first *Younger* factor is met because ongoing state criminal proceedings are among the "exceptional circumstances" identified in *Wassef*. 68 F.4th at 1087 (quoting *Sprint Commc'ns*, 571 U.S. at 78). The second factor is also met. The *Middlesex* factors require: "(1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides the federal plaintiff adequate opportunity to raise federal challenges." *Id.* (citing *Middlesex Cnty.*, 457 U.S. at 432–35); *see also, e.g.*, *McDonald*, 2026 WL 1694533, at *5 (quoting *Wassef*, 68 F.4th at 1087). The Petition does not suggest that Mr. Lee is in any way precluded from raising his arguments in the ongoing state court proceedings (which plainly implicate the State of Minnesota's important interest in enforcing its criminal laws).

Nor do any *Younger* abstention exceptions apply here. The main exceptions are when a state action was brought in bad faith or to harass someone, or when other "extraordinary circumstances" apply. *See, e.g.*, *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010) (quoting *Middlesex Cnty.*, 457 U.S. at 435); *Tietz v. Hennepin Cnty. Hum. Servs.*, No. 26-cv-0053

[6] *Cf. Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

(ECT/DTS), 2026 WL 353111, at *4 (D. Minn. Feb. 9, 2026) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977)). There is nothing to suggest that any of these exceptions apply here.[7]

The Court recommends denying all grounds for all the foregoing reasons. The Petition thus should be dismissed in its entirety.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that**:**

1. Petitioner Jonathan Richard Lee's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

2. This action be **DISMISSED**.

Dated: September 29, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

[7] Though the Court recommends denying the Petition under *Younger*, the Petition should also be denied on exhaustion grounds. As the pending appeals discussed above indicate, Mr. Lee plainly has not exhausted the state court remedies bearing on the Petition's grounds. *See Olson v. Washington Cnty.*, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) ("Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241.") (citing cases), *report and recommendation adopted*, 2013 WL 1867571 (D. Minn. May 3, 2013), *aff'd*, No. 13-2264 (8th Cir. Aug. 16, 2013); *see also, e.g.*, *Palmer v. Minnesota*, No. 25-cv-1148 (PAM/SGE), 2025 WL 1426815, at *1 (D. Minn. Apr. 16, 2025), *report and recommendation adopted*, 2025 WL 1426499 (D. Minn. May 16, 2025) (quoting *Olson*, 2013 WL 1871523, at *2).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).